**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JUL 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FILOGONIA ROSA ELIA NOYOLA RODRIQUEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 10-73303<br><br>Agency No. A079-281-582<br><br>MEMORANDUM[*] |

On Petition for Review of an Order
of the Board of Immigration Appeals

Submitted June 12, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, SACK,[***] and BEA, Circuit Judges.

Filogonia Rosa Elia Noyola Rodriquez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' denial of her application

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

for cancellation of removal or voluntary departure based on her inability to establish the requisite good moral character.

"No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, . . . has given false testimony for the purpose of obtaining any benefits under [the Immigration and Nationality Act]." 8 U.S.C. § 1101(f)(6). This Court has previously determined that Noyola Rodriquez gave false testimony, *Noyola Rodriguez v. Gonzales*, 168 F. App'x 233, 234 (9th Cir. 2006), and there is substantial evidence in the record to support the immigration judge's determination on remand that her purpose in doing so was to obtain an immigration benefit, *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007). Because the IJ's determination rendered Noyola Rodiquez statutorily ineligible for cancellation of removal or voluntary departure, there was no need to consider other evidence of her moral character. Thus, the IJ's decision not to do so did not violate the scope of this Court's previous remand order, and, even assuming Noyola Rodriquez's due process rights were violated, she cannot show prejudice. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000).

**AFFIRMED.**